UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22579-CIV-COOKE

MELANIE E. DAMIAN, as Receiver for the
Receivership Estate of CONSUMER COLLECTION
ADVOCATES, CORP.,

    Plaintiff,

v.

MITCHELL BERMAN,

    Defendant.
_____/

## ORDER OF DISMISSAL

THIS MATTER is before me on a *sua sponte* review of the record. Plaintiff, Melanie E. Damian, in her capacity as court-appointed Receiver of the Receivership Estate of Consumer Collection Advocates Corp., filed a Complaint on July 9, 2015 (ECF No. 1). After reviewing the Complaint, the record, and relevant legal authorities, Plaintiff's Complaint is dismissed without prejudice.

### I. BACKGROUND

Plaintiff Melanie E. Damian ("Plaintiff" or "Receiver") was appointed Permanent Receiver of the Receivership Estate of Consumer Collection Advocates Corp. ("Receivership Estate" or "CCA") in an order by Judge Beth Bloom in the action styled *Federal Trade Commission v. Consumer Collection Advocates, Corp. and Michael Robert Ettus*, Case No. 14-CIV-62491-Bloom. Compl. ¶¶ 1-2, ECF No. 1. In that action currently before Judge Bloom, the Federal Trade Commission ("FTC") filed a complaint against CCA for various forms of relief as a result of CCA's telemarketing operations. *Id.* at ¶ 10. More specifically, the FTC alleged that CCA offered, via telemarketing, purported recovery services to individuals who had previously lost money to telemarketing fraud if they first paid CCA an up-front fee. *Id.* at ¶ 11. The FTC alleged that CCA's offered services, as well as its misrepresentations to consumers that it would recover a substantial portion of consumer's losses within six months, violated the Telemarketing Sales Rule and Section 5 of

the FTC Act. *Id.* The parties entered into a Stipulated Preliminary Injunction on November 17, 2014, wherein CCA was "enjoined from misrepresenting, directly or indirectly, expressly or by implication, that, as a result of purchasing CCA's services, consumers will recover, or are highly likely to recover, a substantial portion of the monies that the consumers previously lost to telemarketers typically within 30 to 180 days." *Id.*

In the action presently before me, Plaintiff alleges that Defendant Mitchell Berman ("Defendant" or "Mr. Berman") was a part of CCA's sales staff and participated in CCA's scheme to convince consumers to pay up-front fees in exchange for purported collections services. *Id.* at ¶ 15. Plaintiff further alleges that Defendant was compensated for his work in the form of commissions based both on the upfront fees he was able to convince consumers to pay and on any funds actually collected. *Id.* According to Plaintiff's Complaint, Defendant was aware that CCA typically did not recover funds for its customers, and as such, of the fraudulent conduct occurring at CCA. *Id.* at ¶ 16. However, Defendant accepted payments in the amount of $62,149.00 from CCA; payments that contributed to CCA's insolvency and undercapitalization. *Id.* at ¶¶ 19, 22. Defendant has since refused the Receiver's requests to return any funds received from CCA, thereby prompting the Receiver to file the instant action for unjust enrichment (Count 1), restitution (Count 2), fraudulent transfer (Counts 3 and 4), and civil conspiracy (Count 5). *See generally* Compl.

## II.   DISCUSSION

A federal district court may exercise supplemental jurisdiction over state law claims that arise out of the same case or controversy as the federal subject matter claim. 28 U.S.C. § 1367(a); *see United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (explaining that supplemental jurisdiction exists when state and federal claims derive from a common nucleus of operative fact). However, a district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

>       (4) in an exceptional circumstances, there are other compelling
>           reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  When only state law claims remain, a court may consider whether it should continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).  *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (suggesting that a district court may, but need not, *sua sponte* decide whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) after all federal law claims have been dismissed).

In Plaintiff's allegations regarding jurisdiction, Plaintiff states that "this action … is related to the claims in the Receivership Action, over which this Court has original jurisdiction pursuant to Title 28, United States Code, Section 1331, in that this action forms "'part of the same case or controversy under Article III of the United States Constitution.'"  However, the instant case presents a unique jurisdictional situation.  While the underlying federal action remains before Judge Bloom, the supplemental state court issues are before me.  It is indisputable that the instant action arises from the same set of operative facts as the action currently pending before Judge Bloom.  In fact, Counts 3, 4, and 5 of Plaintiff's Complaint in this action allege state law claims directly against CCA, the Defendant in the action currently pending before Judge Bloom.

A ruling on the state law issues pending before me might have a potentially adverse effect on the issues currently before Judge Bloom.  The case before Judge Bloom remains active and any findings as to CCA's alleged liability in this case may potentially differ from those reached in the case before Judge Bloom.  The situation presented here is no different from a situation wherein a Plaintiff pursues the same claims against the same parties in two different courts at the same time.  Given that the original federal action remains pending before Judge Bloom, and in an effort to promote judicial efficiency and avoid incongruous rulings and piecemeal litigation, I find that this case presents "exceptional circumstances" pursuant to 28 U.S.C. § 1367(c)(4) that militate against a broad exercise of supplemental jurisdiction over the instant state law claims.  Therefore, I am declining to exercise supplemental jurisdiction over the instant state law claims.  *See, e.g. Kent County Mem. Hosp. v. Balasco, C.A. No. 89-0075B*, 1990 WL 17157, at *5 (D.R.I. Feb. 13, 1990) ("This Court has previously held that in situations … where the plaintiff has filed parallel state and federal

proceedings, the federal court may decline to exercise jurisdiction over the claims and dismiss the action").

### III. CONCLUSION

Therefore, for the reasons stated herein, I decline to assert supplemental jurisdiction over Plaintiff's claims. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 20th day of July 2015.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*